United States District Court
For The Middle District of Florida

Bernard Pew
movant

vs.

The Circuit Court of Seminole Co, Through its
Court Officers, Judge Jessica J. Recksiedler and
Judge Melanie Chase and The Office of The States
Attorney for Seminole Co., Fla.
Defendants

Seminole County Court Case# 2004-CF-000954-A

— Civil Court Div —

— Clerks Copy —

FILED 2021 JAN -7 PM 3:08
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

---

## Petition Seeking Civil Remedy

---

Comes now the movant, Bernard Pew, pro se files his Petition Seeking Civil Remedy, With this court, because of the Refusals of the Circuit Court For Orange Co, and the Circuit Court for Seminole Counties Refusals to Address these issues When the movant attempted to file in reference to these Rights Violations in the early months of 2019 With the Clerks Office of both counties! The movant then attempted to re-file through the Circuit Court For Osceola Co, and as this court can see from that courts response, that it was not going to address these complaints as well, and directed the movant to file With the courts these case numbers reflect, after the movant had put

—1—

the Clerk of Court for Seminole Co., now notifying the District & the 5th DCA — that "Failed" the movant from filing any those pleadings with these Courts in regards to the case numbers being filed as to those causes before either Orange, Seminole or the 5th DCA!

## Statement of The Facts

On March 7, 2004, the movant was arrested for Operating a Motor Scooter while his license were either Suspended or Revoked, the movant posted bond and was then release from Jail! In December of 2004, the Court Revoked the movants bond and then Remanded the movant to custody! The movant remained in custody for this offense — until sentence was passed on March 26, 2010, at the sentencing hearing, the court sentenced the movant to "5 yr. Supervised Probation to be followed by the "10 yr. HFO sentence for Seminole Co. Court Case "2004-CF-1815-A! At the sentencing hearing, the movants then "Conflict Attorney - W.M Randolph McLean" objected to the "5 yr" of probation, because Mr. McLean brought to the Courts attention, that his clients time already served credits at that time "Expired" the "5 yr" Statutory Maximum, that the offense of — Driving While license Suspended or Revoked Habitual, carried according to the Law! The Court ultimately sentenced the movant to the "5 yr Supervised Probation to be followed by the "10 yr HFO sentence for his other cases.

## Arguement In Support

It's obvious from the record, that the movants bond was revoked by the court in December of 2004, the movant does not have the exact date, but the record of those proceedings will give verification to this fact, the movant was Remanded to custody and remained in

-2-

Custody credit received by the movant on March 26, 2018 of "Two Hundred Eighty Eight Days" or "9 months" for that period of incarceration!

✗ The movant was arrested on December 25, 2018 for a V.O.P in this cause, Probation was Re-instated on May 14, 2019. Time Served Credit of "4 months and 19 days" for that period of incarceration!

✗ The movant was again arrested for a V.O.P on Sept 19, 2019, was again Re-instated to Probation on Oct 21st, 2019, Time Served Credit of "One Month" for that period of incarceration!

The movant has been under a Seminole Co. Hold for case 2004-CF-000954-A a V.O.P since his arrest on December 18, 2019 for offense related to an Osceola Co. incident! Therefore he is not certain how this time incarcerated will be applied to his probationary sentence!

The movant files for Civil Remedy, that "Monetary Compensation", for time over spent incarcerated, after the court was placed on notice of such on March 26, 2010 by the movants then counsel Mr. McClean, and by the Multiple filings to this court by the movant, that were all "Struck" by the court, under the pretense of the 5 DCA Oct 6, 2013 order "Barring" the movant from filing in this matter as a Pro se litigant!

Monetary Compensation is the only legal way the court can address these "Facts", that the movants time already spent incarcerated for this offense "Over Exceeds" the "5yr Statutory Maximum" required by the Law for the Offense of Driving While License either Suspended or Revoked Habitual Offender!

—3—   It's apparent to the movant, that the

Circuit Court of Seminole Co., was attempting to get as much time out of the movant as it possibly could, Simply because all the movants filings in 2019 and 2020 all placed that court on notice as to the "Over Exposure" of the time already served credits in this cause, Only to have the court "Ignore" the movants pleas!!

The movant feels this continued Re-enstatement of Probation, and that courts refusal to either Dismiss or Terminate the remainder of the movants Probationary Sentence as ruling that time already spent incarcerated is sufficient punishment for the Charged offense of Driving While License Suspended or Revoked Habitual Offender, that this continued sentence of Probation by this court is being done with "Malicious Intent", So as to take advantage of the fact that the movant is unable to litigate in defense of the "Injustice" being inflected upon the movant by the Officers of the Court for the Circuit Court of Seminole Co!

Thus these court officers refusal to acknowledge the time already served credits in this matter, that its obvious from the record of these proceedings, that the movants time spent thus far "Supersedes" the "5 yr Statutory Maximum", then now causing the movant to pursue "Civil Litigation" as the only avenue of Justice available for the "Injustice" done to the Writer by the Court Officers for the Circuit Court of Seminole Co!

These Attachments numbers "1 thru "4, will give a clear view of the facts the Writer has addressed concerning how both Judge, Recksiedler and Judge, Chase were and are very aware of the current situation mentioned concerning the movants time served credits spent incarcerated "Over Exceed" the "5 yr. Statutory Maximum for the Charged Offense, but that the court "Ignored" this fact, after being placed on notice through multiple filings submitted by the movant, placing that court on notice as to the time served credits matter! Again the

— 4 —

Court "Totally Ignored" the movants Pleas. See Attachments 1-4 for reference thereof!

The movant has pretty much placed this court on notice why the movant is filing for "Civil Remedy" against the Circuit Court of Seminole Co, and its Court Officers. This Supplemental Exhibit enclosed, also puts in to perspective some of the facts of the record, Where the movant attempted to get some form a Resolution in this cause, Due to the "Extensive" amount of time served incarcerated in this matter that does "Over Exceed" the Statutory Maximum for the charged Offense in this cause!

The movant now submits his Petition for Civil Remedy as to this cause. The Damages to the movant Mentally as Well as the "Time Stolen" or taken from the movant, by that Court can only be Compensated through Monetary Damages or Compensation, Due to that court can not give the movant back the time he spent incarcerated out of "Society" for an Offense that court was "Certainly" aware of the "Over Exceeding" of the time the movant had spent incarcerated in this matter, Due to on March 26, 2010 his then attorney placed the court on notice of that "Fact", as well as the movant has filed countless "Pleas" in regards to said matter, all to be "Ignored" by that court! Civil Remedy is now a must in this cause!

Respectfully
Demond Pew 7121458\_
404 Simpson Rd
Kissimmee, Fla. 34744
Jan 4, 2021

Certificate of Service
_____

A true and correct copy of this Civil Complaint was mailed by US Mail on this 4th day of January 2021 to the Clerk of the Court for the District Court for the US of America!

-5-